IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JASON HALL**, on behalf of himself and all other similarly situated persons, | )<br>)<br>) |
| Plaintiff, | ) CASE NO. _____ |
| v. | )<br>) |
| **BARBERTON TREE SERVICE, INC.**, | ) **COLLECTIVE AND CLASS ACTION**<br>) **COMPLAINT** |
| – and – | )<br>) **JURY DEMAND ENDORSED HEREON** |
| **KEITH N. LUCK**, | )<br>) |
| Defendants. | ) |

Plaintiff Jason Hall files this Complaint against Defendants Barberton Tree Service, Inc. (Defendant Barberton Tree) and Keith N. Luck (Defendant Luck) (collectively Defendants), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (FLSA); and Ohio Revised Code (O.R.C.) § 4111.03(D) (Ohio Overtime Law) and § 4113.15 (Ohio Prompt Pay Act or OPPA). Plaintiff also brings an individual claim for unpaid minimum wages under the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code ("O.R.C.") § 4111 *et seq*. ("OMFWSA") and the Ohio Constitution, Oh. Const. Art. II, § 34a.[1] The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the FLSA and the Ohio Wage Laws.

---

[1] The Ohio Overtime Law, OPPA, OMFWSA, and the Ohio Const. will be collective referred to as the Ohio Wage Laws.

1

2. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b) (the Opt-Ins).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others like him who worked for Defendants in Ohio and suffered the same harms described below.

4. Plaintiff further brings an individual claim for unpaid minimum wages pursuant to the OMFWSA and the Oh. Const. Art. II, § 34a.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

7. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

8. At all times relevant, Plaintiff has been a citizen of the United States and employed by Defendants within this district and division. Plaintiff's written consent to join is attached as **Exhibit A**.

9. Defendant Barberton Tree is a for-profit Ohio corporation with its principle place of business located in Norton, Ohio (Summit County). Defendant Barberton Tree can be served through its registered agent: Keith N. Luck, at 172 1/2 Milo Ave. Barberton, OH 44203.

10. Defendant Luck is an individual who can be served at his residence of 167 Macy Ave., Barberton OH 44203-2724.

## FACTUAL ALLEGATIONS

### Defendants as Joint Employers

11. At all times relevant, Defendants were individually and jointly "employers" within the meaning of the FLSA and the Ohio Wage Laws.

12. At all relevant times, Plaintiff and those similarly situated were "employees" of Defendants.

13. At all relevant times, Defendants individually and jointly comprised an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. Defendants individually and jointly operate as an enterprise providing various services involving tree trimming and removal.[2]

15. Defendant Luck is the founder, owner, president, and operator of Defendant Barberton Tree.[3]

16. Defendants jointly employed Plaintiff and those similarly situated as hourly, non-exempt employees.

---

[2] https://barbertontree.com/elementor-274/ (last viewed 9/6/20).
[3] *See e.g.* https://barbertontree.com/aboutus/ (last viewed 9/6/20).

17. Plaintiff worked for Defendants from approximately July 2019 to July 27, 2020. His hourly rate was approximately $16.00 per hour.

18. Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiff and others similarly situated, including supervising and controlling schedules and conditions of employment. For example, Defendant Luck determined whether Saturday work was mandatory.

19. Defendants shared authority to hire, fire and discipline employees, including Plaintiff and others similarly situated.

20. Defendants shared authority to set rates and methods of compensation of Plaintiff and others similarly situated. For example, Defendant Luck communicated to employees that they would be paid cash for working Saturdays. Additionally, when Plaintiff asked his manager, Lisa Davenport, for a raise, she told Plaintiff that she would talk with "Keith", or Defendant Luck.

21. Defendants shared control and maintenance of employment records.

22. Defendants have mutually benefitted from the work performed by Plaintiff and others similarly situated.

23. Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and others similarly situated.

24. Defendants shared the services of Plaintiff and others similarly situated.

25. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and others similarly situated.

## Unpaid Pre-Shift Work

26. Plaintiff and others similarly situated are and/or were required to arrive at work approximately 15 to 20 minutes before their shift start times to perform compensable work.

4

However, Defendants did not pay them for this time. Rather, Defendants paid them only from the shift start time.

27. If Plaintiff or others similarly situated did not arrive at least 15 minutes early, they would be deemed late and subject to discipline.

28. Compensable work included getting machinery ready, checking oil, obtaining trailers, loading equipment onto trailers and chaining it down, fueling equipment, and inspecting vehicles, trailers, and equipment.

29. Compensable work also included obtaining job assignment location and inputting addresses into phone navigation systems.

30. This pre-shift compensable work was necessary, indispensable, integral, and intrinsic to the jobs that Plaintiff and those similarly situated were hired to do.

31. This compensable work was the first preliminary activity of their workday and could not be dispensed with. Plaintiff and those similarly situated could not perform of the rest of the days' duties without first performing this pre-shift compensable work.

32. This pre-shift compensable work typically took 15 to 20 minutes or more to perform.

33. Additionally, Plaintiff and others similarly situated worked Saturdays, and such hours were not counted towards weekly total hours for the purposes of calculating overtime.

34. Plaintiff and others similarly situated regularly worked more than 40 hours in a workweek.

35. Because Defendants failed to pay Plaintiff and others similarly situated for compensable pre-shift work and failed to count Saturday work towards weekly hours, Defendants

failed to pay them all overtime compensation earned at a rate of at least one and one-half times their regular rates for hours worked in excess of 40 in a workweek.

### Regular Rate Violations Resulting in Unpaid Overtime

36. Plaintiff and others similarly situated received additional non-discretionary compensation, including cash payments on Saturdays.

37. Defendants did not include additional compensation into the regular rates for the purposes of calculating overtime compensation. Accordingly, this contributed to a further underpayment of overtime earned.

38. As a result, Defendants did not pay Plaintiff and those similarly situated all of the overtime compensation that they earned at one and one-half times their properly calculated regular rates for hours worked in excess of 40 in a workweek.

39. Defendants willfully violated the FLSA and the Ohio Wage Laws by failing to pay Plaintiff and those similarly situated all overtime compensation earned as described herein.

### Plaintiff's Minimum Wages Allegations

40. Plaintiff was never paid his last paycheck and more than 30 days has pass since he performed work for which such wages were due.

41. Accordingly, Defendants violated Ohio law by not paying Plaintiff at least the lawful minimum wage for all hours worked.

42. Plaintiff is entitled to unpaid minimum wages, treble damages, liquidated damages under O.R.C. § 4113.15, and attorneys' fees and costs.

### COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of the following collective:

> **All present and former full-time hourly employees employed by Defendants during the period three (3) years preceding the commencement of this action through its final disposition ("FLSA Collective").**

45. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were hourly employees of Defendants, and all were subjected to and injured by Defendants' unlawful practices of failing to pay them all overtime hours worked at the correctly calculated regular rate.

46. The FLSA Collective Members have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

47. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

48. Plaintiff cannot yet state the exact number of similarly situated persons but estimates approximately 40 similarly situated employees during the relevant time period. Such persons are readily identifiable through the payroll records that Defendants are presumed to have maintained and were required to maintain pursuant to the FLSA and Ohio law.

49. Additionally, Defendants' website states they have "70 employees at peak season."[4]

50. To the extent Defendants failed to keep records as required by law, Plaintiff and those similarly situated are entitled to a reasonable estimate of hours worked.

---

[4] https://barbertontree.com (last viewed 9/6/20).

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

51. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and the following class:

> **All present and former full-time hourly employees employed by Defendants during the period two (2) years preceding the commencement of this action through its final disposition ("Ohio Class").**

52. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class, which will be in Defendants' records if kept, but estimates that it is approximately 40 individuals within the relevant time period.

53. Additionally, Defendants' website states they have "70 employees at peak season."[5]

54. There are questions of law or fact common to the Ohio Class including: whether Defendants failed to pay them for all hours worked and whether Defendants failed to include additional non-discretionary compensation into the regular rate for purposes of calculating overtime, as well as whether such underpayment of overtime wages remain unpaid.

55. Plaintiff will adequately protect the interests of the Ohio Class Members. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class Members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

56. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class are common to each class as a whole and predominate over any questions affecting only individual class members.

---

[5] *Id*.

57. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Violations of the FLSA)

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Opt-Ins who will join this case pursuant to 29 U.S.C. § 216(b).

60. Defendants were covered by the FLSA and the FLSA Collective Members were not exempt from the protections of the FLSA.

61. Under the continuous workday rule, employees must be paid for all hours worked starting with their first principle activity and ending with their last principle activity of the workday.

62. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

63. The FLSA requires that additional non-discretionary compensation be included into the regular rate unless otherwise statutorily excepted.

64. Defendants had a companywide policy of not paying the FLSA Collective Members for pre-shift compensable work, not counting Saturday work towards weekly hours, and not

9

including additional non-discretionary compensation into the regular rates of Plaintiff and those similarly situated which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

65. Defendants knew or should have known that their conduct described herein violated the law. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

66. As a result of Defendants' individual and joint violations of the FLSA, Plaintiff and those similarly situated were injured in that they did not receive all overtime compensation due to them. Section 16(b) of the FLSA entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 16(b) of the FLSA further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

67. As a result of Defendants' practices, Plaintiff and the FLSA Collective Members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
**(Ohio Overtime and OPPA - Class Violations)**

68. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

69. Defendants are individual and joint "employers" covered by the overtime requirements set forth in the Ohio Wage Laws.

70. Under the continuous workday rule, employees must be paid for all hours worked starting with their first principle activity and ending with their last principle activity of the workday.

71. The Ohio Overtime Law requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

72. The Ohio Overtime Law requires that additional, non-discretionary compensation be included into the regular rate unless otherwise statutorily excepted.

73. As employees of Defendants, Plaintiff and the Ohio Class Members work or worked more than 40 hours in a workweek but were not paid all overtime compensation earned for hours worked in excess of 40.

74. Defendants had a companywide policy of not paying the Ohio Class Members for pre-shift compensable work, not counting Saturday work towards weekly hours, and not including additional non-discretionary compensation into the regular rates of Plaintiff and those similarly situated which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

75. Plaintiff and the Ohio Class Members are not exempt under the Ohio Wage Laws.

76. Defendants' practice and policy of not paying Plaintiff and the Ohio Class Members all overtime compensation earned at one and one-half times their correctly calculated regular rate of pay violated the Ohio Overtime Law.

77. Additionally, the OPPA requires Defendants to pay Plaintiff and the Ohio Class Members all wages, including overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

78. During relevant times, Plaintiff and the Ohio Class Members were not paid all overtime wages earned within 30 days of performing the work. *See* O.R.C. § 4113.15(B).

79. Plaintiff's and the Ohio Class Members' earned overtime compensation remains unpaid for more than 30 days beyond their regularly scheduled payday.

80. The OPPA provides for liquidated damages in an amount equal to six percent (6%) of the amount of the claim still unpaid or two hundred dollars per pay period, whichever is greater.

81. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the Ohio Wage Laws.

82. As a result of Defendants' practices, Plaintiff and the Ohio Class members have been harmed in that they have not received wages due to them pursuant to the Ohio Wage Laws; and because wages remain unpaid, damages continue.

83. Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred.

**COUNT THREE**
**(Ohio Minimum Wage Violation – Individually)**

84. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

85. Defendants are individual and joint "employers" covered by the minimum wage requirements of the Ohio Wage Laws.

86. The Ohio Wage Laws requires that non-exempt employees be paid at least the lawful minimum wage for each hour worked in a workweek.

87. Plaintiff worked hours in one or more workweeks in which he was not paid a minimum wage.

88. Defendants jointly violated the Ohio Wage Laws by not paying Plaintiff minimum wages for all hours worked.

89. Plaintiff was not exempt under the Ohio Wage Laws.

90. Defendants are in a superior position to determine which the amount of wages unpaid to Plaintiff, as they control the records. Should Defendants have not kept records as required by Ohio law, Plaintiff is entitled to a reasonable estimate.

91. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the Ohio Wage Laws.

92. As a result of Defendants' practices, Plaintiff was harmed in that he has not received his last paycheck; and because wages remain unpaid, damages continue.

93. Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b), and direct that Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

C. Award Plaintiff, and the collective and class he represents, actual damages for unpaid wages and liquidated damages as provided under the FLSA and Ohio law;

D. Award Plaintiff, and the collective and class he represents, pre-judgment and/or post-judgment interest at the statutory rate;

E. Award Plaintiff, and the collective and class he represents, attorneys' fees, costs, and disbursements;

F. Award to Plaintiff unpaid minimum wages, treble damages, liquidated damages under O.R.C. § 4113.15, and attorney's fees and costs; and

G. Award Plaintiff, and the collective and class he represents, further and additional relief as this Court deems just and proper.

14

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
    sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

*/s/ Robi J. Baishnab*
Counsel for Plaintiff