## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **JASON HALL**, on behalf of himself and all other similarly situated persons, ) | Case No.     5:20-cv-2036 |
| Plaintiff, ) | **JUDGE SARA LIOI** |
| v. ) | **JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE** |
| **BARBERTON TREE SERVICE, INC.**, *et al*. ) | |
| Defendants. ) | |

Representative Plaintiff Jason Hall and Defendants Barberton Tree Service, Inc. and Keith N. Luck (collectively, the "Parties") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement. The settlement was reached by experienced wage and hour counsel during arms-length, good faith negotiations with the assistance of a private mediator.

The following documents are submitted for the Court's approval:

**Exhibit 1**: Collective Action Settlement Agreement and Release (the "Agreement"), along with the Proposed Notice of Settlement and Claim Form (Exhibit A and B, respectively);[1]

**Exhibit 2**: Declaration of Robi J. Baishnab; and,

**Exhibit 3**: Proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice.

---

[1] Unless otherwise defined, all terms used in this Motion have the same meanings as defined in the Collective Action Settlement Agreement and Release.

## MEMORANDUM IN SUPPORT

I.     FACTUAL AND PROCEDURAL BACKGROUND.

A.     Summary of the Claims and Defenses.

Plaintiff brought this case against Defendants seeking all available relief under the FLSA; and Ohio Revised Code § 4111.03(D) and § 4113.15 (OPPA). The Complaint alleges claims for unpaid overtime resulting from Defendants' polces of requiring Plaintiff and those similarly situated to perform pre-shift compensable work, but not paying them until the shift start time; and by not including additional non-discretionary compensation into the regular rate for the purposes of calculating overtime.[2]

Defendants deny all liability or wrongdoing of any kind, asserting numerous affirmative defenses, including that they acted in good faith and that they did not act willfully.[3] The Parties reached an agreement through mediation before a third-party neutral, and they wish to fully and finally resolve this matter through the collective settlement which provides Representative Plaintiff and the Eligible Settlement Participants substantial and timely monetary relief, while avoiding the uncertainty, risks, and costs of litigation.

B.     Summary of the Procedural History.

On September 10, 2020, the Complaint was filed.[4] On October 1, 2020, Defendants filed an Answer.[5] To avoid the burden, expense, risks, and uncertainty of litigation, the Parties agreed to engage in mediation. On October 26, 2020, the Court approved the Parties' Joint Stipulation

---

[2] ECF No. 1. Since filing, Defendants provided Plaintiff with his last paycheck, so Plaintiff's individual minimum wage claims are now moot. *See attached* as **Exhibit 2**, Declaration of Robi J. Baishnab (Baishnab Decl.) at ¶ 12

[3] ECF No. 5; Baishnab Decl. at ¶ 13.

[4] ECF No. 1.

[5] ECF No. 5

for Conditional Certification, and their Joint Motion to Stay pending Mediation.[6] On December 14, 2020, the Parties reached a settlement after a day's Mediation before third-party neutral Frank A. Ray, and they filed their Joint Notice of Settlement on December 21, 2020.[7]

      C.     <u>Summary of the Key Settlement Terms.</u>

The total settlement amount is $100,000.00. This amount includes: (a) all individual settlement payments to the 79 Eligible Settlement Participants[8]; (b) a service award of $3,000.00 to Representative Plaintiff for his services in bringing and prosecuting this Action (for which he will provide Defendants a global release, with limited exceptions, of any potential claims he may have against them); and (c) Plaintiffs' Counsel's attorney fees and litigation expenses.[9]

A Notice of Settlement and Claim Form (attached to the Agreement) will be sent to the Eligible Settlement Participants. Eligible Settlement Participants who timely return their Claim Form will become Claimants, and Claimants will receive a settlement payment. Only those Eligible Settlement Participants that join the settlement will be bound by the Agreement. Those that do not join retain the right to pursue their own claims.[10] All settlement monies representing individual settlement payments attributable to Eligible Settlement Participants who are not Claimants shall be refunded to the Defendants.

---

[6] Baishnab Decl. at ¶ 14; ECF Nos. 9 to 10, ECF No. 11, and 10/26/20 [non-document] Order.

[7] Baishnab Decl. at ¶ 15; ECF No. 12.

[8] Eligible Settlement Participants are defined as: all present and former hourly groundmen employed by Defendants during the period from September 10, 2017 to October 26, 2020. Eligible Settlement Participants will receive a settlement payment if they submit a timely Claim Form as outlined in the Collective Action Settlement Agreement and Release. Representative Plaintiff is not required to submit a Claim Form to receive his payment.

[9] Baishnab Decl. at ¶ 16.

[10] Representative Plaintiff is a Claimant but is not required to submit a Claim Form. Baishnab Decl. at ¶ 17.

Individual settlement payments were calculated using the wage and hour documents and data produced by Defendants, combined with Plaintiff's good-faith allegations. Specifically, Plaintiffs' Counsel determined the amount of each Eligible Settlement Participant's Settlement Award, which is his or her *pro rata* share of the Net Settlement Fund based on the average damages of Representative Plaintiff and two randomly selected Eligible Settlement Participants, which was applied to the total hours worked by the Eligible Settlement Participant during the Released Period. This method was applied because of time restraints, and the prohibitive burden and costs of transposing and/or converting over 3,000 pages of produced PDF paystubs to Excel format. Each individual's percentage share based on total hours worked was then applied to the Net Settlement Amount to determine the equitable individual payment to each Eligible Settlement Participants during the Released Period. This type of allocation is commonly used in class and collective action settlements.[11]

In exchange for the total settlement amount payment and other consideration provided for in the Agreement, this lawsuit will be dismissed with prejudice, and Representative Plaintiff and the Claimants will release Defendants from any and all federal, state, and/or local wage-and-hour claims that were or could have been alleged in the Complaint, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses pursuant to the FLSA and Ohio law for the Released Period. Further, any portion of the total settlement amount not paid to Eligible Settlement Participants shall be refunded to the Defendants.[12]

---

[11] Baishnab Decl. at ¶ 18.

[12] *Id*. at ¶ 19.

4

D.    <u>The Total Settlement Amount is Fair and Reasonable and Based on Plaintiffs' Counsel's Expected Value of the Claims</u>.

Prior to mediation, Defendants produced over 3,000 pages PDF pay stubs for the 79 Eligible Settlement Participants, information concerning Representative Plaintiff's additional compensation and weekend hours worked, and an Excel spreadsheet reflecting employment start and end dates, total hours worked in three years, average hours per day, and average rates of pay for three years. Plaintiffs' Counsel determined the average weekly damages using documents and data of Representative Plaintiff and two randomly selected Eligible Settlement Participants, and these averages were applied to the total numbers of weeks according to the dates of employment provided by Defendants. The damages model was shared with the mediator and Defendants' Counsel.[13]

Before the mediation, Plaintiffs' Counsel spent a significant amount of time doing an expected value calculation, using a decision tree software called TreeAge Pro[©]. In this calculation, Plaintiffs' Counsel analyzed each potential risk of loss (i.e., decertification, summary judgment, willfulness) and assigned a probability value to each potential risk. The decision tree software compounded each of these probability values and applied those values to the damages model. This exercise allowed Plaintiffs' Counsel to fully appreciate the entire risk picture collectively.[14]

---

[13] *Id.* at ¶ 20.

[14] *Id.* at ¶ 21.

The total settlement amount reflects over approximately 120% of the calculated unpaid overtime and substantially more than the expected value in this case. The Individual Settlement Award is $800.58. This recovery is not just fair and reasonable, it is exceptional.[15]

II.    PROPRIETY OF APPROVAL OF THE SETTLEMENT.

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. Court approval is warranted on all scores.

A.    The Seven-Factor Standard is Satisfied.

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness."[16] As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'"[17] The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class

---

[15] The actual calculated expected value can be submitted to the Court for in camera review, if the Court so directs. *Id*. at ¶ 22.

[16] *Landsberg v. Acton Ents., Inc.*, 2008 WL 2468868 at *1 n.1 (S.D.Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir.1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

[17] *Crawford v. Lexington-Fayette Urban Cty. Gov't*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008).

representatives; (6) the reaction of absent class members; and (7) the public interest.[18]

Application of those factors to this settlement demonstrates that the Court should approve the Settlement.

        1.    *No Indicia of Fraud or Collusion Exists.*

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary."[19] The Agreement was achieved only after arms-length and good faith negotiations between the Parties, with the assistance of a neutral mediator.[20] As such, there is no indicia of fraud or collusion, and this factor favors approval of the settlement.

        2.    *The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval.*

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming.[21]

If this case had not settled, the Parties would be required to engage in costly litigation, such as completing written discovery, conducting depositions, and potentially engaging expert

---

[18] *UAW v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992)); *Williams v. Vukovich,* 720 F.2d 909, 922–23 (6th Cir. 1983)); *Crawford*, 2008 WL 4724499 at *3.

[19] *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-cv-1677, 2020 U.S. Dist. LEXIS 144274, at *6 (S.D. Ohio Aug. 12, 2020) (quoting *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)).

[20] Baishnab Decl. at ¶ 23.

[21] *See, Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *8 (S.D. Ohio Aug. 17, 2018) ("[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them") (citations omitted).

time-studies. The Settlement, on the other hand, provides substantial relief to the Eligible Settlement Participants promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution.[22]

        3.     *Investigation Was Sufficient to Allow the Parties to Act Intelligently*.

The Parties engaged in substantial investigation and analysis prior to negotiating the Settlement. As outlined above, Defendants produced over 3,000 pages of paystubs and an Excel spreadsheet for 79 individuals, as well as additional information concerning Representative Plaintiff's additional compensation and weekend work.

Plaintiffs' Counsel used a decision tree software called TreeAge Pro© to calculate the expected value by compounding multiple points of potential risk and applying those values to the damages model. This exercise allowed Plaintiffs' Counsel to fully appreciate the entire risk picture collectively. Additionally, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides.[23]

        4.     *The Risks of Litigation Favor Approval*.

The settlement represents a compromise of disputed claims. Specifically, Representative Plaintiff alleges Defendants failed to pay him and those similarly situated for pre-shift compensable work, and that Defendants failed to include additional non-discretionary compensation into the regular rate for the purposes of calculating overtime. On the other hand,

---

[22] Baishnab Decl. at ¶ 24.

[23] *Id*. at ¶ 23.

Defendants claims they did not violate any state or federal laws, and asserted numerous affirmative defenses, including that they acted in good faith and that they did not act willfully.[24]

The Parties have disagreed throughout this litigation about whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, whether liquidated damages are appropriate, whether OPPA damages were appropriate, and whether the claims alleged can proceed collectively. For example, OPPA damages were calculated to be an additional estimated $200,000.[25] Accordingly, if this case had not settled, it is possible there would be a much lower recovery or no recovery at all for the Eligible Settlement Participants.

>        5.      *The Opinion of Plaintiffs' Counsel Favor Approval.*

Plaintiffs' Counsel is highly experienced in wage-and-hour collective and class actions. At all times, they have acted in good faith and have vigorously represented the interests of the Eligible Settlement Participants, which include Representative Plaintiff. Plaintiffs' counsel is of the opinion that settlement is in the best interest of Representative Plaintiff and the Eligible Settlement Participants, and that it is a fair, adequate, and reasonable compromise of disputed collective claims.[26] "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." Accordingly, this factor favors approval of the settlement.[27]

---

[24] *Id.* at ¶¶ 12 to 13, and 25.

[25] *Id.* at ¶ 25.

[26] *Id.* at ¶ 26.

[27] *Wright*, 2018 U.S. Dist. LEXIS 140019, at *11.

6.      *The Reaction of Absent Class Members*.

If the Court approves the settlement, the Eligible Settlement Participants will receive a Notice of Settlement and Claim Form. They will be given the option to join the settlement. Only those Eligible Settlement Participants that join the settlement will be bound by the Agreement. Those that do not join the settlement will retain the right to pursue their own claims.[28]

7.      *The Public Interest*.

"Public policy generally favors settlement of class action lawsuits."[29] Like in *Wright*, "the settlement confers immediate benefits on the Eligible Settlement Participants, avoids the risks and expense in further litigation, and conserves judicial resources."[30] Thus, as in *Wright*, the Court should find that this factor supports approval of the Settlement.

B.      <u>The Settlement Distributions Are Fair, Reasonable and Adequate</u>.

In addition to evaluating the seven factors discussed above, the Court must also "ensure that the distribution of the settlement proceeds is equitable."[31]

1.      *The Individual Payments are Fair, Reasonable and Adequate*.

As mentioned above, as part of their pre-mediation evaluation, Plaintiffs' Counsel analyzed the class data provided by Defendants' counsel. The total settlement amount of $100,000 exceeds approximately 120% of the calculated amount of damages on a three-year basis. Moreover, the amount substantially exceeds of the expected value of this case, which is the

---

[28] Baishnab Decl. at ¶ 17.

[29] *Wright*, 2018 U.S. Dist. LEXIS 140019, at *13 (quoting *Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D.Ohio 2007)).

[30] *Id.*

[31] *Crawford*, 2008 WL 4724499, at *3 (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855 (1999)); *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *18 (S.D. Ohio Sep. 9, 2016) (citations omitted).

better measuring stick to use since it accounts for each party's potential risk of loss. These calculations support Plaintiffs' Counsel experiential opinion that the proposed settlement is fair, adequate and reasonable.

All individual payments were calculated proportionally based on total hours worked spanning the total period of wage and hour documents produced.[32] As such, each Eligible Settlement Participant will have the opportunity to obtain compensation for alleged unpaid wages that are proportional to the amount of time he or she worked for Defendants within the period of time covered by the settlement. Any settlement amount assigned to Eligible Settlement Participants who do not elect to become Claimants shall be paid to the Defendants.

2.  *Representative Plaintiff's Service Award is Proper and Reasonable.*

The Agreement provides for a service award of $3,000 to Representative Plaintiff, in addition to his individual payment.[33] Courts routinely approve service awards to named plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class."[34] Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation."[35]

---

[32] Baishnab Decl. at ¶ 18.

[33] *Id*. at ¶ 27.

[34] *Barnes v. Winking Lizard, Inc*., No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *18 (N.D. Ohio Mar. 26, 2019); and *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *21 (S.D. Ohio Dec. 3, 2019) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)).

[35] *Ganci*, 2019 U.S. Dist. LEXIS 207645, at *21 (quoting *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *7 (N.D. Ohio Mar. 8, 2010)).

Here, Representative Plaintiff contributed significant time, effort, and detailed factual information enabling Plaintiffs' Counsel to evaluate the strength of this case and reach a settlement of this matter. In addition, Representative Plaintiff has executed a global release, with limited exceptions, of all of his claims against Defendants in exchange for his service payment. Defendants do not oppose the requested Service Award.[36]

       3.    *The Attorney Fees to Plaintiffs' Counsel Are Proper and Reasonable.*

After the Court has confirmed that the terms of settlement are fair to the Eligible Settlement Participants, it may review the Agreement as to the provision of fees and litigation expenses to Plaintiffs' Counsel.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and the costs of the action."[37] In *Fegley v. Higgins*, the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights."[38]

The Agreement provides a payment of attorneys' fees to Plaintiffs' Counsel in the amount of one-third (1/3) of the total settlement amount, or $33,333.33. Defendants do not oppose the requested fees.[39]

---

[36] Baishnab Decl. at ¶ 27.

[37] 29 U.S.C. § 216(b).

[38] *Fegley*, 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

[39] Baishnab Decl. at ¶ 30.

A one-third fee amount "is a normal fee amount in a wage and hour case."[40] Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses.[41] Thus, Plaintiffs' Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award."[42]

Finally, courts, including those in this district, acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming."[43] Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the settlement fund appropriately compensates Plaintiff's counsel for their prosecution of this case, and advances the public's interests in rewarding attorneys who bring wage and hour cases.[44]

---

[40] *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, *13 (S.D. Ohio Nov. 25, 2019) (citing *Carr v. Bob Evans Farms, Inc.*, No. l:17-cv-1875, 2018 U.S. Dist. LEXIS 228221 (N.D. Ohio July 27, 2018)); *see, also, Ganci*, 2019 U.S. Dist. LEXIS 207645, *15 (approving an award of 33 1/3% of a settlement fund in a wage and hour case); *Call v. CTA Pizza, Inc.*, No. 2:18-cv-00696, 2019 U.S. Dist. LEXIS 181325, *12 (S.D. Ohio Oct. 21, 2019) (same); *Barnes*, 2019 U.S. Dist. LEXIS 65657, *16 (same); *Wright*, 2018 U.S. Dist. LEXIS 140019, *21 (same); *Osman v. Grube, Inc.*, No. 3:16-cv-00802, 2018 U.S. Dist. LEXIS 78222, *6 (N.D. Ohio May 4, 2018) (same); *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 U.S. Dist. LEXIS 58912, *22 (N.D. Ohio June 15, 2010) (same).

[41] Baishnab Decl. at ¶ 28.

[42] *Ganci*, 2019 U.S. Dist. LEXIS 207645, at *19; and *In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, 268 F. Supp. 2d 907, 936 (N.D. Ohio 2003) (Contingency fee arrangements indicate that there is a certain degree of risk in obtaining a recovery.") (further citation omitted).

[43] *Barnes*, 2019 U.S. Dist. LEXIS 65657, at *16; and *Brandenburg*, 2019 U.S. Dist. LEXIS 204371, at *10.

[44] *See, e.g., In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, 268 F. Supp. 2d at 930; and *Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

       4.     *The Court Should Authorize Reimbursement to Plaintiffs' Counsel of Their Out-of-Pocket Expenses Incurred in This Case.*

Plaintiffs' Counsel should also be reimbursed their litigation expenses, which as of the date of this Motion are $421.10.[45] "Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement."[46]  In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class."[47] Because Plaintiffs' Counsel's litigation expenses were incurred in the prosecution of the claims in this case and in obtaining settlement, the Court should award reimbursement of these expenses to Plaintiffs' Counsel.  Defendants do not oppose the requested reimbursement of expenses.[48]

III.    <u>CONCLUSION</u>.

    The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal With Prejudice; (2) approve Plaintiffs' Counsel's request for attorney fees and expenses; (3) approve the requested service payment; and (4) retain jurisdiction to enforce the settlement if necessary.

---

[45] Baishnab Decl. at ¶ 29.

[46] *Brandenburg*, 2019 U.S. Dist. LEXIS 204371 at *20.

[47] *Id.*

[48] Baishnab Decl. at ¶ 30.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High Street
Suite 502
Columbus, OH  43215
Phone:  614.824.5770
Fax:  330.754.1430
rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street NW
Suite D
Massillon, OH  44646
Phone:  330.470.4428
Fax:  330.754.1430
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*

**HANNA, CAMPBELL & POWELL, LLP**

*/s/ Frank G. Mazgaj (with permission)*
Frank G. Mazgaj
3737 Embassy Parkway, Suite 100
Akron, Ohio 44333
Direct Dial: 330-670-7330
Direct Fax: 330-670-7450
Fmazgaj@hcplaw.net

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2021, the foregoing was filed electronically with the Court. Notice of  this filing will be sent to all parties by operation of the Court's electronic filing system. Parties  may access this filing through the Court's system.

*/s/ Robi J. Baishnab*
Robi J. Baishnab

*Counsel for Plaintiffs*