# Exhibit 1

## Collective Action Settlement Agreement and Release

DocuSign Envelope ID: 2391F9DB-1C8C-42D3-9C9E-EDA42D63BD9E

## COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE

Subject to Court approval, Defendants Barberton Tree Service, Inc. and Keith N. Luck, including their officers, directors, shareholders, employees, representatives, corporate parents, corporate siblings, subsidiaries, predecessors, successors, affiliates thereof, and otherwise related entities (collectively, "Defendants"), and Representative Plaintiff Jason Hall, ("Representative Plaintiff") individually, and on behalf of the Eligible Settlement Participants (defined below), voluntarily enter into this Settlement Agreement and Release (this "Agreement") to settle all claims and issues as set forth more fully below. The Representative Plaintiff and the Defendants will be collectively referred to as the "Parties".

## BACKGROUND AND RECITALS

1.      Representative Plaintiff filed *Hall v. Barberton Tree Service, Inc. et al.*, USDC ND OH, Case No.: 5:20-cv-2036 on September 10, 2020 ("the Action"). In the Action, Representative Plaintiff asserted claims against Defendants on behalf of himself and others similarly situated under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, Ohio Revised Code ("O.R.C.") § 4111.03(D), and § 4113.15. Plaintiff also brought an individual claim for unpaid minimum wages under the Ohio Minimum Fair Wage Standards Act, O.R.C. §4111 *et seq.* and the Ohio Constitution, Oh. Const. Art. II, § 34a.[1]

2.      On October 1, 2020, Defendants filed an Answer and denied, and continues to deny, the allegations asserted in the Action.[2]

3.      To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in mediation.

_____

[1] ECF No. 1.
[2] ECF No. 5.

4.    On October 26, 2020, the Court approved the Parties' Joint Stipulation for Conditional Certification, and their Joint Motion to Stay pending Mediation.[3] Accordingly, Court-approved notice has not yet issued.

5.    Plaintiffs' Counsel engaged the services of a PhD economist to construct a damages model using the information produced by Defendants.

6.    The Parties mediated this case with Frank Ray on December 14, 2020. The Parties reached an agreement at the mediation. The terms of that agreement are embodied herein.

7.    The purpose of this Agreement is to fully and finally settle all Released Claims (as defined below) that Representative Plaintiff and any Claimants (as defined below) may have against Defendants.

## **DEFINITIONS**

8.    "Claimant" means Representative Plaintiff and each Eligible Settlement Participant who completes, signs, and submits a valid and timely Claim Form. Representative Plaintiff is not required to submit a Claim Form to receive his Settlement Award check or any other payment under this Agreement.

9.    "Claim Form" means the form approved by the Parties' Counsel, and subject to Court approval, that each Eligible Settlement Participant, except for Representative Plaintiff, must sign, complete in full, and timely submit within **sixty (60)** days following mailing of the

---

[3] ECF Nos. 9 to 10, ECF No. 11 (*attached*), and 10/26/20 [non-document] Order. Though the Parties stipulated to the collective of "All present and former full-time hourly employees employed by Defendants during the period from September 10, 2017 to the present" (*See* ECF No. 11 at  PageID #: 73, ¶2), on November 25th, Defendants' counsel represented that they intend to mediate for only "groundmen," further representing that "climbers," "foreman," and "mechanics" are all paid to punch and not subject to the unpaid "pay-to-shift" as alleged in the Complaint.

Notice of Settlement to recover a Settlement Award. A copy of the Claim Form is attached as **Exhibit A.**

10.     "Court" means United States District Court for the Northern District of Ohio (J. Lioi).

11.     "Released Period" refers to the period from **August 28, 2017** through **August 30, 2020**, which reflects the data produced by Defendants and used for settlement negotiations.

12.     "Defendant's Counsel" means Frank G. Mazgaj of Hanna, Campbell & Powell, LLP.

13.     "Effective Date" means the first day after the date on which the Court approves this Settlement.

14.     "Eligible Settlement Participants" means all present and former hourly groundmen employed by Defendants during the period from September 10, 2017 to October 26, 2020.[4] Eligible Settlement Participants are a group of approximately 79 individuals. Eligible Settlement Participants include Representative Plaintiff.

15.     "Global Settlement Fund" means the gross settlement amount of **$100,000.00**. The Global Settlement Fund is the sole and maximum payment by the Defendants and includes (1) all Settlement Awards (defined below); (2) any Service Payment approved for Representative Plaintiff; and (3) all Plaintiffs' Counsel's reasonable fees and costs approved by the Court. The Global Settlement Fund does not include the Settlement Administrator's costs which will be paid separately by the Defendants. The Global Settlement Fund also does not include the cost of

---

[4] *See* October 26, 2020, Stipulation and Order (ECF No. 11). During pre-mediation discussions, the Parties agreed that the stipulated collective considered for mediation would include only "groundmen." No other employees will receive notice, participate in settlement, or release any claims released under this Settlement.

mediation will be paid separately by the Defendants. Further, Defendants will make all required employer contributions with respect to any portions of the Settlement Awards and the Service Payment treated as wages under IRS Form W-2, and these contributions will not be deducted from the Global Settlement Fund.

16.     "Net Settlement Fund" means the amount available for individual Settlement Awards, after deducting all attorneys' fees and litigation expenses and the Service Award.

17.     "Notice of Settlement" means the form approved by the Parties' Counsel, and subject to Court approval, that will be mailed *via* first-class U.S. mail to each Eligible Settlement Participant, except for Representative Plaintiff, which will explain this Settlement and the claims process, and will provide each Eligible Settlement Participant with the amount of his or her Settlement Award. A copy of the Notice of Settlement is attached as **Exhibit B.**

18.     "Plaintiffs' Counsel" means Robi J. Baishnab, Hans A. Nilges, and Shannon M. Draher of Nilges Draher LLC.

19.     "Released Claims" means, upon the Effective Date, Representative Plaintiff and the Claimants will release, and forever discharge, Released Parties, from any and all federal, state, and/or local wage-and-hour claims that were or could have been alleged in the Complaint (ECF No. 1), including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses pursuant to the FLSA and Ohio law for the Released Period.

20.     "Released Parties" means Defendants and any of their officers, directors, shareholders, employees, representatives, corporate parents, corporate siblings, subsidiaries, predecessors, successors, affiliates thereof, and otherwise related entities and any other persons

acting by, through, under, or in concert with, any of these persons or entities, and their successors.

21.     "Settlement" means the Parties' resolution of the Action as to Representative Plaintiff and the Claimants.

22.     "Settlement Administrator" means Analytics, LLC.

23.     "Settlement Administrator Costs" means all settlement administration fees, expenses, and costs incurred by the Settlement Administrator directly or indirectly related to its duties under this Agreement, including but not limited to all fees, expenses, and costs in connection with the Global Settlement Fund and Net Settlement Fund, and those duties related to notice, check cutting and mailing, reports to counsel, court filings, legal and accounting advice relating to the establishment of the Net Settlement Fund and tax treatment and reporting of awards to Eligible Settlement Participants, preparation of tax returns (and the taxes associated with such tax returns as defined below), calculating Settlement Awards, and any other related duties.

24.     "Settlement Award" means the amount of the Net Settlement Fund calculated under Paragraph 47 of this Agreement that will be paid to each Claimant.

25.     "Service Award" means the payment made from the Global Settlement Fund to Representative Plaintiff for his services in bringing and prosecuting the Action, and in consideration for Representative Plaintiff's Released Claims, as defined below.

## DENIAL OF LIABILITY

26.     Defendants denies liability or wrongdoing of any kind associated with the claims alleged in the Action. Consequently, this Agreement is a compromise, and shall not be construed

as an admission of liability, culpability, wrongdoing, or negligence by Defendants or the Released Parties, for any purpose, and under any circumstance. This Agreement, as well as the negotiations that occurred in connection with its creation, shall not constitute evidence with respect to any issue, or dispute, in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement. The Parties do not concede any claims or defenses that were, or could have been, raised in the Action; rather, they merely negotiated and reached a settlement to avoid further disputes and litigation and the attendant inconvenience and expense.

## CERTIFICATION OF THE COLLECTIVE

27.     For purposes of this Settlement only, the Parties agree that Representative Plaintiff and the Eligible Settlement Participants are similarly situated under 29 U.S.C. § 216(b) of the FLSA. The Parties agreed to the conditional certification under 29 U.S.C. § 216(b) of the FLSA the class of persons defined as all present and former hourly groundmen employed by Defendants during the period from September 10, 2017 to October 26, 2020.[5]

## DUTIES OF THE PARTIES TO COOPERATE TO OBTAIN COURT APPROVAL OF THE SETTLEMENT

28.     The Parties will fully cooperate with each other and use reasonable efforts, including all efforts contemplated by this Settlement and any other efforts ordered by the Court, to accomplish the terms of this Settlement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to obtain approval of this Settlement without material modifications and to implement its terms.

---

[5] *See* Footnote 4, above.

## ATTORNEYS' FEES AND COSTS

29.     Plaintiffs' Counsel will seek an order from the Court approving the payment of their fees for services, not to exceed 33 1/3% of the Global Settlement Fund and litigation expenses. Defendants will not contest this application. Any attorneys' fees and litigation expenses approved by the Court will be paid from the Global Settlement Fund. This Settlement is not conditioned upon the Court's approval of Plaintiffs' Counsel's petition for fees and litigation expenses in any amounts, and any amounts not approved by the Court will revert to the Net Settlement Fund. The Settlement Administrator will wire Plaintiffs' Counsel's Court-approved attorneys' fees and litigation expenses **twenty-one (21) days** after the Effective Date.

## SERVICE AWARD

30.     Plaintiffs' Counsel will seek an Order from the Court approving a Service Award for the Representative Plaintiff in the amount of **$3,000.00**. Defendants will not contest this application. The Service Award approved by the Court will be paid from the Global Settlement Fund. This Settlement is not conditioned upon the Court's approval of the Service Award and any amount not approved by the Court will revert to the Net Settlement Fund. For tax purposes, the Parties agree the Service Award will be: (a) 50 percent taxable, wage income paid under Internal Revenue Service ("IRS") Form W-2 and subject to ordinary payroll withholdings under federal and state law; and (b) 50 percent taxable, non-wage income paid under IRS Form 1099. Within **twenty-one (21) days** after the Effective Date, the Settlement Administrator will mail Representative Plaintiff's Court-approved Service Award to Plaintiffs' Counsel at 7266 Portage Street, N.W., Suite D, Massillon, OH 44646.

## SETTLEMENT ADMINISTRATOR'S DUTIES AND RESPONSIBILITIES

31.     The Parties agree to retain a Settlement Administrator responsible for:

    a.     Establishing a Global Settlement Fund as s "Qualified Settlement Fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, the Treas. Reg. Section 1.468B-1, *et seq.*;

    b.     Issuing all funds from the Global Settlement Fund;

    c.     Determining and finalizing the Settlement Awards and the tax withholding amounts and employer payroll tax amounts for Claimants, as applicable;

    d.     Preparing, printing, and disseminating the Notice of Settlement to all Eligible Settlement Participants;

    e.     Promptly apprising the Parties' counsel of the activities of the Settlement Administrator, timely responding to inquiries of the Parties or their counsel, and copying the Parties' counsel on material correspondence;

    f.     Mailing Settlement Award checks (or other negotiable instrument) to all Claimants;

    g.     Wiring Plaintiffs' Counsel's attorneys' fees and costs;

    h.     Mailing the Service Award to Plaintiffs' Counsel;

    i.     Reissuing and remailing Settlement checks to Claimants who do not receive or misplace their Settlement Award checks;

    j.     Mailing reminder postcards to Claimants who have not cashed their Settlement Award checks **sixty (60) days** before the check void date and **thirty (30) days** before the check void date;

DocuSign Envelope ID: 2391F9DB-1C8C-42D3-9C9E-EDA42D63BD9E

k.     Issuing IRS Forms W-2, 1099, and W-9 (if required) for all payments to each Claimant;

l.     Ascertaining current addresses and addressees' information for each Notice of Settlement and Settlement Award check returned as undeliverable;

m.     Promptly notifying the Parties' Counsel of all inquiries by Eligible Settlement Participants the Settlement Administrator cannot resolve and/or which involve matters not within the Settlement Claim Administrator's duties specified in this Agreement;

n.     Promptly notifying the Parties' Counsel of any material requests or communications made by any Eligible Settlement Participant who receives the Notice of Settlement;

o.     Maintaining adequate records of its activities, including the date of the mailing of the Notices of Settlement, receipt of returned mail, and other communications, and attempted communications with Eligible Settlement Participants, and providing the Parties' counsel with weekly reports regarding the same;

p.     Confirming, in writing to the Parties' counsel its completion of the administration of this Settlement and retaining copies of all endorsed Settlement checks; and

q.     Such other tasks as customarily and regularly performed by a settlement administrator and as the Parties mutually agree.

32.     Settlement Administrator Costs shall be paid by Defendants.

## SETTLEMENT ADMINISTRATION TIMELINES

33.　　Within **seven (7)** days of the Effective Date, the Settlement Administrator shall open an interest-bearing bank account, which will hold the Global Settlement Fund.

34.　　Within **fourteen (14) days** of the Effective Date, Defendants shall provide the Settlement Administrator with an Excel spreadsheet listing the names, social security numbers, last known addresses, and dates of employment for the Eligible Settlement Participants during the Released Period, as that information exists in Defendant's records. The Settlement Administrator shall attempt to confirm the accuracy of the Eligible Settlement Participants' addresses through the United States Post Office's National Change of Address database and shall mail the Notice of Settlement to any updated address obtained therefrom.

35.　　Within **fourteen (14) days** of the Effective Date, Defendants shall deposit $100,000.00 into the interest-bearing bank account opened by the Settlement Administrator.

36.　　Within **twenty-eight (28) days of the Effective Date**, the Settlement Administrator will calculate the Settlement Award for each Eligible Settlement Participant under the formula in Paragraph 47 of this Agreement.

37.　　Within **forty (40) days of the Effective date**, the Settlement Administrator shall mail to all Eligible Settlement Participants, except to the Representative Plaintiff, the Notice of Settlement, Claim Form, and an enclosed, postage-paid return envelope. If any Notice of Settlement is returned as undeliverable, the Settlement Administrator will promptly attempt to locate such Eligible Settlement Participant through other reasonable and legally acceptable means, and, if located, shall promptly mail an additional Notice of Settlement to such person.

## THE CLAIMS PROCESS AND PAYMENT OF CLAIMANT'S SETTLEMENT AWARDS

38.     Each Eligible Settlement Participant, except Representative Plaintiff, shall have **sixty (60) days** from the date Notice of Settlement is initially mailed under Paragraph 37 of this Agreement to submit his or her signed and completed Claim Form, and any such submission must be postmarked, e-mailed, or facsimiled on, or before, the sixtieth (60th) day from the date of initial mailing.

39.     Within **seventy-five (75) days** from the date Notice of Settlement is initially mailed under Paragraph 37 of this Agreement, the Settlement Administrator shall mail to Claimants their Settlement Awards. If possible, the Settlement Administrator will issue each Claimant one single check representing the total amount of his or her Settlement Award by combining the wage and non-wage portions of his or her Settlement Award.

40.     The Settlement Administrator will provide the Parties' Counsel with a list of all of the Claimants and their Settlement Awards no later than **seven (7) days** after the Settlement Awards are mailed to Claimants.

## FILING THE CLAIM FORMS

41.     Defendants may, at their option, file with the Court a list of Claimants within **14 days** of the date that the Settlement Awards are mailed to the Claimants. Should Defendants file such Claim Forms, the forms will be redacted suitable for filing with the Court—i.e., removing addresses and other personally identifying information—by Defendants' Counsel prior to filing.

## GLOBAL SETTLEMENT FUND AND TAXES

42.     The Global Settlement Fund will be established as a "Qualified Settlement Fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, the

DocuSign Envelope ID: 2391E9DB-A68C-42B3-9C9E-EDA42D63BD9E

Treas. Reg. Section 1.468B-1, *et seq.,* and shall be administered by the Settlement Administrator, subject to the ultimate authority of the Court.

43.     The Settlement Administrator shall serve as Trustee of the Global Settlement Fund and shall act as a fiduciary with respect to the handling, management, and distribution of the Global Settlement Fund, including the handling of tax-related issues and payments. The Settlement Administrator shall act in a manner necessary to qualify the Global Settlement Fund as a Qualified Settlement Fund and to maintain that qualification. The Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment. The Parties agree to any relation-back election required to treat the Global Settlement Fund as a Qualified Settlement Fund from the earliest possible date.

44.     The Parties recognize the wage and non-wage awards to the Claimants will be subject to applicable tax withholding and reporting and employer payroll taxes. The Settlement Administrator shall calculate the employer's share of payroll taxes related to Settlement Award payments treated as wage income and, upon receipt of that calculation, Defendants will, as directed by the Settlement Administrator, deposit into the interest-bearing bank account opened by the Settlement Administrator a payment separate from the Global Settlement Fund to pay the employer's share of payroll taxes related to Settlement Award payments treated as wage income

45.     All taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Global Settlement Fund, if any, including any taxes or tax detriments that may be imposed on Defendants with respect to income earned for any period during which the Global Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal and state income tax purposes (hereinafter "Settlement Fund Taxes"), and expenses and

costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) any returns described herein or otherwise required to be filed pursuant to applicable authorities) (hereinafter "Settlement Fund Tax Expenses") shall be paid out of the Global Settlement Fund. Further, Settlement Fund Taxes and Settlement Fund Tax Expenses shall be treated as a cost of the administration of the Global Settlement Fund. The Parties agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth in this Section.

46. The Settlement Administrator shall satisfy all federal, state, local, and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs subject to reporting) and shall pay from the Global Settlement Fund any and all taxes, as well as any other obligations with respect to the payments or distributions not otherwise addressed in this Agreement.

## CALCULATION OF SETTLEMENT AWARDS

47. Plaintiffs' Counsel shall determine the amount of each Eligible Settlement Participant's Settlement Award, which shall be his or her *pro rata* share of the Net Settlement Fund based on the average damages of Representative Plaintiff and two randomly selected Eligible Settlement Participants, which is applied to the total hours worked by the Eligible Settlement Participant during the Released Period. Each individual's percentage share based on total hours worked was then applied to the Net Settlement Amount to determine the equitable individual payment to each Eligible Settlement Participants during the Released Period.

48. The Parties agree and acknowledge that the damages model created by Plaintiffs' Counsel was shared with Mediator Ray and Defendants' Counsel, along with a detailed description of methodology, and which served the basis of settlement negotiations. The Parties agree that the calculations and allocations are fair, adequate, and reasonable.

49. In the event of any dispute over an Eligible Settlement Participant's dates of employment, the Parties will meet and confer in good faith to resolve the dispute; if the Parties are unable to reach an agreement, the mediator, Frank Ray, shall decide the dispute, and his decision will be final. Defendants' records produced for mediation shall control any dispute under this Paragraph and will have a rebuttable presumption of correctness.

## TAX TREATMENT OF THE SETTLEMENT AWARDS

50. For tax purposes, the Parties agree Settlement Awards will be: (a) 50 percent taxable, wage income paid under Internal Revenue Service ("IRS") Form W-2 and subject to ordinary payroll withholdings under federal and state law; and (b) 50 percent taxable, non-wage income paid under IRS Form 1099. Defendants will make all required employer contributions with respect to any portions of the Settlement Awards paid as wages under IRS Form W-2, and these contribution amounts will not be deducted from the Global Settlement Fund.

51. The Parties agree and understand that each have been given the opportunity, and have been encouraged, to seek advice from a tax professional and/or tax attorney concerning specific tax questions related to payments made under this Agreement.

## REMAINDER OF THE GLOBAL SETTLEMENT FUND

52.     Any funds from the Global Settlement Fund that are not distributed under the terms of this Agreement shall not be redistributed among the Claimants, but shall be returned to Defendants, and this Agreement shall remain binding on all of the Claimants.

53.     All Settlement Award checks that are not negotiated by a Claimant within **180 days** of date issuance or reissuance, as noted on the Settlement Award checks mailed by the Settlement Administrator to the Claimants, shall be null and void; the associated funds shall not be redistributed among the Claimants, but the associated funds shall be returned to Defendants, and this Agreement shall remain binding on all of the Claimants.

## RELEASE OF CLAIMS BY THE REPRESENTATIVE PLAINTIFF, CLAIMANTS, AND PLAINTIFFS' COUNSEL

54.     In consideration of his eligibility for his Service Award, the Representative Plaintiff hereby forever releases and discharges, through the Effective Date, the Released Parties from any and all claims, obligations, causes of action, actions, losses, expenses, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising prior to the Effective Date, including but not limited to those claims which: (a) were pled in the Action at any time; and/or (b) could have been pled in the Action, including all claims based on any of the following: (i) alleged failure to pay any type of overtime wages, (ii) alleged failure to pay any type of minimum wages, (iii) alleged failure to pay any type of otherwise earned wages (including straight time wages, bonuses, commissions, incentive payments, etc.), (iv) any other alleged federal wage-and-hour violation, (v) any other alleged state wage-and-hour violation; (vi) alleged discrimination, retaliation, harassment, or wrongful discharge, and (v) any statutory, constitutional, regulatory, contractual or common law

employment-related claims for wages, damages, restitution, equitable relief, or litigation costs; and (c) this release includes any and all of the following based on any of the matters released by the foregoing: penalties, liquidated damages, punitive damages, attorneys' fees and expenses, litigation costs, restitution, and equitable relief ("Representative Plaintiff's Released Claims"). For the avoidance of doubt, this is a complete and general release of all possible claims to the maximum extent allowed under the law, except however, Representative Plaintiff's Released Claims exclude any workers' compensation claims, claims for unemployment benefits, or claims that cannot be released by law.

55.     In consideration for their Settlement Awards, each Claimant that cashes his/her settlement check forever and fully releases the Released Parties from the Released Claims, as defined in Paragraph 19, above

56.     Further, in consideration for the payment of their attorneys' fees and costs, Representative Plaintiff and Claimants hereby release all claims, causes of action, demands, damages, costs, rights, and liabilities of every nature and description for attorneys' fees, costs, and expenses against the Released Parties arising from or related to the Action, including in relation to any inquiry, research and settlement discussions they conducted and the Complaint.

## NON-DISPARAGEMENT, NEUTRAL REFERENCE, RETALIATION

57.     Representative Plaintiff agrees and covenants that he shall not defame or maliciously disparage the Released Parties or take any other actions that would damage their respective business interests, reputation or name. Defendants agree and covenant that they shall instruct Representative Plaintiff's direct supervisor(s) at the time of Representative Plaintiff's termination that he or she shall not defame or maliciously disparage Representative Plaintiff or

DocuSign Envelope ID: 2391F9DB-1C8C-42D3-9C9E-EDA42D63BD9E

take any other actions that would damage his respective business interests, reputation or name. The Parties' obligations with regard to non-disparagement extend to, but are not limited to, disparaging text messages, e-mail communications, and comments or postings on blogs, comment boards, and social media networking websites made after this Agreement. This Agreement shall not be construed to prevent Representative Plaintiff or anyone else from providing truthful testimony or responses to governmental inquiries. Should any prospective employer of Representative Plaintiff contact Defendants to verify employment, Defendants agree to provide the prospective employer only Representative Plaintiff's dates of service and position(s) held at the Defendants' business. By entering into this Agreement, Defendants affirm that they will not retaliate against any Eligible Settlement Participant and as required by the FLSA and state law.

## NOTICES

58.    All notices, requests, demands, and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally or mailed, postage prepaid, by first-class mail to the undersigned persons at their respective addresses:

**Plaintiffs' Counsel:**
Robi J. Baishnab
Shannon M. Draher
Hans A. Nilges
Nilges Draher LLC
7266 Portage Street, N.W.
Suite D
Massillon, Ohio 44646
(330) 470-4428
rbaishnab@ohlaborlaw.com
sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

**Counsel for Defendants:**
Frank G. Mazgaj
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, Ohio 44333
Direct Dial: 330-670-7330
Direct Fax: 330-670-7450
Fmazgaj@hcplaw.net

## CONSTRUCTION, INTERPRETATION AND MODIFICATION

59.     This Agreement constitutes the entire agreement between the Parties with respect to the subject matter included in this Agreement and it shall supersede all prior and contemporaneous negotiations between the parties. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for, or against, any party, regardless of who drafted, or who was principally responsible for drafting, this Agreement, or any specific term or condition in this Agreement. The Parties participated in the negotiation and drafting of this Agreement and had available to them the advice and assistance of independent counsel. As such, the Parties may not claim any ambiguity in this Agreement should be construed against another.

60.     If there is a conflict between this Agreement and any other document related to this Settlement, the Parties intend for this Agreement to control.

61.     Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary, or contradict its terms. The Parties agree this Agreement is to be construed according to its terms and it may not be varied, or contradicted, by extrinsic evidence.

62.     This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Ohio, and shall be subject to the continuing jurisdiction of the Court. The Parties agree that if either Party breaches any of the terms and conditions of this Agreement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein and as determined by a court of competent jurisdiction.

63.     If any provision of this Agreement, except the Release, is held by a court of competent jurisdiction to be void, voidable, unlawful, or unenforceable the remaining portions of this Agreement will remain in full force and effect to the extent the effect of this Agreement, as well as the obligations of the Parties, remains materially the same.

64.     This Agreement may not be modified or amended, except in writing, signed by the Parties or their counsel, and as approved by the Court. This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement. All counterparts of any such document together shall constitute one and the same instrument. A photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

65.     This Agreement is binding upon, and shall inure to the benefit of, the Parties. Without limiting the foregoing, this Agreement specifically shall inure to the benefit of Defendants the Released Parties; likewise, this Agreement shall be binding upon Representative Plaintiff and the Claimants.

## CONTINUING JURISDICTION

66.    The Parties agree to move for the Court to retain continuing jurisdiction to construe, interpret, and enforce the provisions of this Agreement; to supervise the administration and distributions from the Global Settlement Fund; and to hear and adjudicate any dispute or litigation arising from, or related to, this Agreement, or issues of law and facts asserted in the Action.

**WHEREFORE,** having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it.

DATED: __1-6-21__

Defendant Barberton Tree Service, Inc.

By: _____

Keith N. Luck

Its: _____
Pres

DATED: : __1-6-21__

Defendant Keith N. Luck

DATED: : __1/4/2021__

Jason Hall

Plaintiff Jason Hall

# Exhibit A
## Claim Form

*Hall v. Barberton Tree Service, Inc. et al.*
**USDC ND OH, Case No.: 5:20-cv-02036**

Claims Administrator

## CLAIM FORM AND RELEASE
## INSTRUCTIONS

**In order to receive any portion of the settlement funds described in the Notice of Settlement ("Notice"), you must sign, date, and return this Claim Form and Release to the Settlement Claims Administrator postmarked by the** 60 days from mailing **2021**

### CHANGES OF ADDRESS

It is **your responsibility** to keep a current address on file with the Settlement Claims Administrator. Please make sure to notify the Settlement Claims Administrator of any change of address.

BTS Settlement Claims Administrator
P.O. Box
Chanhassen, MN 55317-2006
Fax: (952) 404-5750
Email: BTS_Settlement@noticeadministrator.com

*[DATE]*.

DocuSign Envelope ID: 2391F9DB-1C8C-42D3-9C9E-EDA42D63BD9E

## CLAIM FORM AND RELEASE

*THIS FORM MUST BE POST-MARKED OR OTHERWISE SUBMITTED TO THE SETTLEMENT CLAIMS ADMINISTRATOR NO LATER THAN [DATE].*

### I.    CONSENT TO JOIN

I understand that this lawsuit is being brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and related state laws. Pursuant to 29 U.S.C. §216(b), I hereby consent and agree to join the case of *Hall v. Barberton Tree Service, Inc. et al.*, United States District Court for the Northern District of Ohio, Case No.: 5:20-cv-02036. I consent and agree to be bound by any action by the Court. I further agree that the Named Plaintiff in the Action shall act as my agent and make all decisions on my behalf concerning the Action, including the settlement thereof.

I hereby designate the law firm of Nilges Draher LLC to represent me in this action.

### II.    RELEASE

My signature below constitutes a full and complete release and discharge of Defendants Barberton Tree Service, Inc. and Keith N. Luck, including their officers, directors, shareholders, employees, representatives, corporate parents, corporate siblings, subsidiaries, predecessors, successors, affiliates thereof, and otherwise related entities (the "Releasees"), from any and all federal, state, and/or local wage-and-hour claims that were or could have been alleged in the Complaint, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses pursuant to the FLSA and Ohio law for the period from August 28, 2017 through August 30, 2020.

_____        _____
Full Legal Name (print)                                                            Signature

_____        _____
Maiden or other names worked under                                   Street Address

_____        _____
E-mail Address                                                                       City, State and Zip Code

_____
Telephone Number

# Exhibit B
## Notice of Settlement

## NOTICE OF SETTLEMENT OF COLLECTIVE ACTION LAWSUIT

### *Hall v. Barberton Tree Service, Inc. et al.*
### USDC ND OH, Case No.: 5:20-cv-02036

**You are receiving this notice because you are a potential member of a collective action lawsuit and eligible to participate in the settlement of that lawsuit. A federal district court has approved this notice. This is not a solicitation from a lawyer.**

**This notice is being sent to all present and former hourly groundmen employed by Defendants during the period from September 10, 2017 to October 26, 2020. You are receiving this Notice because records of Defendants Barberton Tree Service, Inc. and Keith N. Luck indicate that you fit this definition.**

Representative Plaintiff filed this lawsuit against Defendants Barberton Tree Service, Inc. and Keith N. Luck on September 10, 2020. In the lawsuit, Representative Plaintiff alleged that Defendants failed to pay him and others similarly situated to him for all compensable work before the shift-start time, and failed to properly calculate the regular rate, both of which allegedly resulted in unpaid overtime wages in violation of the Fair Labor Standards Act and Ohio law. In response to the lawsuit, Defendants deny that they did anything wrong. The Parties have entered into this settlement solely with the intention of avoiding further litigation.

**Your legal rights may be affected, and you have a choice to make now:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **RETURN THE CLAIM FORM** | By returning a properly completed Claim Form and Release you agree to participate in the settlement and will receive a settlement payment. To participate in the settlement, you must return a properly completed Claim Form and Release by [60 days from date of mailing]. If you participate in the settlement, you agree to be bound by the terms of the settlement, including the release of your wage and hour claims. |
| **DO NOT RETURN THE CLAIM FORM** | If you do not wish to participate in the settlement, you should not return the Claim Form and Release. If you do not timely return a properly completed Claim Form and Release by [60 days from date of mailing], you will not receive a settlement payment. |

## BASIC INFORMATION

### 1. Why did I get this notice?

You have received this notice because Defendants' records show that you fit the following definition: All present and former hourly groundmen employed by Defendants during the period from September 10, 2017 to October 26, 2020.

The Court ordered that you be sent this notice because you have a right to know about the settlement of this collective action lawsuit. This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available to you.

The Court overseeing the lawsuit is the United States District Court for the Northern District of Ohio. The lawsuit is known as *Hall v. Barberton Tree Service, Inc. et al.*, Case No.: 5:20-cv-02036. The person who filed the lawsuit is called the "Representative Plaintiff." Barberton Tree Service, Inc. and Keith N. Luck are referred to as the "Defendants."

### 2. What is the lawsuit about?

This lawsuit is about Defendants' alleged failure to pay Plaintiff and those similarly for all hours worked in excess of 40 in a workweek at the correctly calculated regular rate. Specifically, Plaintiff alleged that Plaintiff and others similarly situated are and/or were required to arrive at work approximately 15 to 20 minutes before their shift start times to perform compensable work. Compensable work included getting machinery ready, checking oil, obtaining trailers, loading equipment onto trailers and chaining it down, fueling equipment, and inspecting vehicles, trailers, and equipment. Compensable work also included obtaining job assignment location and inputting addresses into phone navigation systems. Plaintiff further alleged that this time was unpaid, resulting in unpaid overtime. Further, Plaintiff also alleged and he and others similarly situated worked weekend hours, for which the compensation was not included in the regular rate and the hours not counted towards weekly total hours, also resulting in unpaid overtime compensation.

### 3. What is a collective action?

In a "Collective Action," one or more people called a "Representative Plaintiff" file a lawsuit on behalf of himself or herself and other people who have similar claims. To be part of the case, those other people are required to affirmatively join the collective action. You can join this collective action and participate in the settlement by signing and returning the enclosed Claim Form and Release.

### 4. Why is there a settlement?

The Court did not decide in favor of the Representative Plaintiff or Defendants and neither side prevailed. The Parties agreed to this settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.

## 5. How do I know if I will be included in the settlement?

You will receive a settlement check if you fit the following definition:  all present and former hourly groundmen employed by Defendants during the period from September 10, 2017 to October 26, 2020; **and** you properly complete, sign, and return the enclosed Claim Form and Release by [date 60 days from mailing of Notice].

## 7.  What does the settlement provide?

Defendants have agreed to pay at total of $100,000.00. This amount includes Representative Plaintiff's attorneys' fees and costs, a service award for Representative Plaintiff, and settlement payments to current and former employees that participate in the settlement.

## 8.  How will my payment be calculated?

Settlement payments to those who participate in the settlement was calculated based on a formula that has been approved by the Court as a fair and reasonable. Plaintiffs' Counsel determined the amount of each Eligible Settlement Participant's Settlement Award, which is his or her *pro rata* share of the Net Settlement Fund based on the average damages of Representative Plaintiff and two randomly selected Eligible Settlement Participants, which was applied to the total hours worked by the Eligible Settlement Participant during the Released Period. Each individual's percentage share based on total hours worked was then applied to the Net Settlement Amount to determine the equitable individual payment to each Eligible Settlement Participants during the Released Period.

Based on this formula, you are estimated to receive approximately $_____, half of which is subject to deductions for applicable taxes and withholdings like any other paycheck, and for which you will receive a W-2; and half of which will be reported on an IRS Form 1099.

## 9.  How can I get my payment?

To get your payment, you must fully complete the enclosed Claim Form and Release and mail it to the Claims Administrator in the enclosed envelope postmarked no later than [60 days from date of mailing]. You may also e-mail or fax the Claim Form and Release to the Settlement Claims Administrator, so that it is received no later than [60 days from date of mailing].  The Settlement Claims Administrator's complete contact information is:

BTS Settlement Claims Administrator
P.O. Box
Chanhassen, MN 55317-2006
Fax: (952) 404-5750
Email: BTS_Settlement@noticeadministrator.com

**10.  When will I get my payment?**

You will be sent a check within on or around [insert check mailing date].

Please be patient.

**<u>Checks will become null and void after 180 days of their issuance.</u>**

**11.  What am I giving up if I sign the Claim Form and Release to get a payment?**

By returning the Claim Form and Release, you cannot sue, continue to sue, or be a party in any other lawsuit against Defendants relating to the claims at issue in this case during the time period covered by the Settlement.  It also means that all of the Court's orders will apply to you and legally bind you.

**12.  Do I have a lawyer in this case?**

Upon signing and returning the Claim Form and Release, you will be consenting to join this case, you will designate the law firm of Nilges Draher LLC to represent you. These lawyers are called "Plaintiffs' Counsel." You can find more information about Representative Plaintiff's Counsel at http://www.ohlaborlaw.com/.

**13.  How will the lawyers be paid?**

The Court has approved payment of $_____ for attorneys' fees, plus $____ in attorneys' actual out-of-pocket costs.

**14.  How do I get more information?**

If you have other questions about the settlement, you can contact Representative Plaintiff's Counsel at the telephone number or email below.

Robi J. Baishnab
**Nilges Draher LLC**
notice@ohlaborlaw.com
(234) 401-9089

DATED: _____, 2021