# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JASON HALL, on behalf of himself and all other similarly situated persons, | ) ) ) ) | CASE NO. 5:20-cv-2036 |
| PLAINTIFFS, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) ) | MEMORANDUM OPINION AND ORDER |
| BARBERTON TREE SERVICE, INC., et al., | ) ) ) | |
| DEFENDANTS. | ) | |

Now before the Court is the parties' joint motion for approval of a settlement. (Doc. No. 13 ["Joint Motion"].) The Collective Action Settlement Agreement and Release is attached to the Joint Motion. (Doc. No. 13-1 ["Settlement"].) Because the Court finds that the Settlement represents a fair resolution of plaintiffs' claims, the Joint Motion is granted and the Settlement is approved.

## I. BACKGROUND

Plaintiff Jason Hall ("Hall"), on behalf of himself and similarly situated employees (collectively "plaintiffs"), filed a collective action against defendants Barberton Tree Service, Inc. and Keith N. Luck (collectively, "defendants"), alleging defendants violated the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201 *et seq.*) and Ohio Rev. Code §§ 4111.03(D) and § 4113.15 (collectively, "Ohio Wage Laws") by failing to pay plaintiffs overtime wages. (Doc. No.

1 (Collective Complaint ["Compl."]) at 1[1].) Hall also brought an individual claim for unpaid minimum wages under Ohio law.[2] (*Id*.) At all times relevant to the complaint, plaintiffs[3] were employed by defendants. (*Id*. ¶¶ 12, 44.)

"Defendants individually and jointly operate as an enterprise providing various services involving tree trimming and removal." (*Id*. ¶ 14.) Plaintiffs, who are not exempt from the protections of the FLSA and the Ohio Wage Laws, are required to arrive between fifteen (15) and twenty (20) minutes before their assigned shift to engage in work that includes "getting machinery ready, checking oil, obtaining trailers, loading equipment onto trailers and chaining it down, fueling equipment, and inspecting vehicles, trailers, and equipment."[4] (*Id*. ¶¶ 26–28, 32.) Plaintiffs allege that defendants failed to pay them compensation for these pre-shift duties and, in doing so, failed to pay overtime compensation as required by the FLSA and Ohio Wage Laws. (*Id*. ¶¶ 35–39.) Defendants deny that they violated the FLSA and Ohio Wage Laws and affirmatively assert that some or all of plaintiffs' claims are barred by the applicable statute of limitations and certain equitable doctrines. (*See generally* Doc. No. 5 (Answer to Compl. ["Ans."]).)

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

[2] Hall's individual claim was rendered moot when defendants provided Hall with his last paycheck. (Joint Motion at 79 n.2.)

[3] On October 26, 2020, the Court conditionally certified the following collective:

> All present and former full-time hourly employees employed by Defendants during the period from September 10, 2017 to the present[.]

(*See* Doc. No. 11 (Order Approving Stipulated Certified Collective) at 73).

[4] Additional mandatory pre-shift duties included "obtaining job assignment locations and imputing addresses into phone navigation systems." (*Id*. ¶ 29.)

"To avoid the burden, expense, risks, and uncertainty of litigation," the parties "agreed to engage in mediation." (Joint Motion at 79.) "Prior to mediation, Defendants produced over 3,000 pages" of pay stubs for the seventy-nine (79) individuals identified as members of the collective. (*Id*. at 82.) On December 14, 2020, at the conclusion of a full-day mediation session with a third-party neutral mediator, the parties reached a settlement. (*Id*. at 80.) On January 20, 2021, the parties filed the present Joint Motion.

II. **APPLICABLE LAW**

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov*., No. 06-cv-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc*., 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id*.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09-cv-1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*. (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, & Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The Joint Motion confirms the same. As set forth above, the parties disagree as to whether plaintiffs were properly compensated for any and all overtime worked and plaintiffs' claims were time-barred. The parties further disagree as to whether

liquidated damages and damages under the Ohio Prompt Payment Act were available. (Joint Motion at 86.)

Having reviewed the terms of the Settlement, the Court finds that the Settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the Settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion.

With respect to the monetary awards to plaintiffs, the "total settlement amount reflects over approximately 120% of the calculated unpaid overtime and substantially more than the expected value in this case." (Joint Motion at 83.) And the Court agrees with the parties that the anticipated individual settlement award of $800.58 is an exceptional result. (*Id*.) Moreover, the Court has taken into account the opinion of counsel in this collective action, who has expressed the opinion that the proposed settlement is a fair and adequate compromise of the disputed claims and in the best interest of the plaintiffs. (Doc. No. 13-2 (Declaration of Robi Baishnab ["Baishnab Decl."] ) ¶ 26.)

As for the award of attorney fees to plaintiffs' counsel, the Court finds that the award, which is supported by a declaration of counsel, is reasonable, taking into consideration the fact that a settlement was reached early in the litigation and the successful outcome provides substantial relief to plaintiffs. (*See id.* ¶ 28.) Moreover, the Court notes that the attorney fee award amount aligns with the amounts awarded in other FLSA collective action cases in the Northern District of Ohio. *See White v. Premier Pallet & Recycling, Inc.,* No. 5:18-cv-1460, 2018 WL 4913678, at *3 (N.D. Ohio Oct. 10, 2018) (collecting cases).

In addition, the Settlement provides for a service award to plaintiffs' representative, Hall.

5

Such awards are not uncommon, and "courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillsworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010) (quoting *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000)). Plaintiff Hall played an active role in assisting plaintiffs' counsel. (*See* Baishnab Decl. ¶ 27.) As such, the Court approves the modest service award to the representative plaintiff in recognition of his service in this action.

## IV. CONCLUSION

For all of the foregoing reasons, the Court approves the Settlement. The claims in plaintiffs' complaint are dismissed with prejudice, and this case is closed.

**IT IS SO ORDERED**.

Dated: March 23, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**